IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARREN JAMES OATES,            )
                               )
         Plaintiff,            )
                               )
   -vs-                        )   Civil Action No. 16-1201
                               )
NANCY A. BERRYHILL,[1]         )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
         Defendant.            )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since March 6, 2012. (ECF No. 8-10, pp. 2, 9). Administrative Law Judge ("ALJ"), Daniel F. Cusick, held a hearing on September 26, 2014. (ECF No. 8-6, pp. 2-52). On October 21, 2014, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-5, pp. 38-47).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Severe Impairment

Plaintiff argues that the ALJ erred in failing to find his HIV and his osteoarthritis to be severe. (ECF No. 13, pp. 7-8). At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §404.1520(a). An impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c), §404.1521(a). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §404.1520(a).

In this case, the ALJ found that Plaintiff has the following severe impairment: below the knee amputation with prosthesis. (ECF No. 8-5, p. 40). So, the ALJ proceeded to the next steps. (ECF No. 8-5, p. 41). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2. In so doing, the ALJ acknowledged that in making the RFC

3

determination he considered all impairments, including any impairment that is not severe. (ECF No. 7-2, p. 23). Consequently, the ALJ proceeded to consider the Plaintiff's severe and non-severe impairments in the evaluation process and in determining Plaintiff's RCF. (ECF No. 8-5, pp. 41-47). Therefore, I find any purported error was harmless such that a remand on this basis is not warranted. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

  **C.** **<u>Weighing of Treating Physician's Opinion</u>**

Plaintiff next argues that the ALJ erred by improperly disregarding the medical opinion of Plaintiff's treating physician, Dr. Gaines. (ECF No. 13, pp. 9-11). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, the ALJ afforded Dr. Gaines' May 29, 2014, medical sources statement little weight because "it is expected that claimant's disabling problem will not last for 12 months (Exhibits B-9F and B-14F)." (ECF No. 8-5, p. 45). Plaintiff states that this was incorrect. (ECF No. 13, pp. 9-11). In support of this statement, Plaintiff cites to subsequent documents prepared by Dr. Gaines and Dr. Lane. (ECF No. 13, pp. 9-11). The subsequent documents prepared by Dr. Gaines and Dr. Lane were prepared after the date of the decision in this case. The instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976). "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), when reviewing the ALJ's decision, I cannot look at the post-decision evidence that was not first submitted to the ALJ. If, however, a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and

5

material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833. In this case, Plaintiff has not made any such arguments. As a result, I cannot consider the post-decision evidence pursuant to Sentence Four of §405(g) and I find that Plaintiff has failed to satisfy any of the requirements for remand under Sentence Six of §405(g). Thus, I find no merit to this argument.

Additionally, Plaintiff summarily concludes that the ALJ "should have given substantial weight to the reports of Dr. Gaines and Dr. Lane as they were clearly supported by the other evidence of record." (ECF No. 13, p. 11). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this argument is misplaced.

Finally, Plaintiff closes this section of argument with a sentence that "[t]he reason the ALJ rejected Dr. Gaines (sic) report is not supported by the complete record." (ECF No. 13, p. 11). This statement falls woefully short. Plaintiff provides no further argument and does not address the reason given by the ALJ. *Id.* Nevertheless, I have reviewed the record as it relates to Dr. Gaines' report of May 29, 2014. I find the reason given by the ALJ in weighing Dr. Gaines' opinions to be appropriate. Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

D. **Residual Functional Capacity ("RFC")** [2]

Plaintiff also argues that the ALJ improperly determined his RFC. (ECF No. 13, pp. 12-15). In support of this argument, Plaintiff first suggests that the ALJ did not address the pain and chronic skin breakdown of Plaintiff's below knee amputation of his right leg as it relates to his ability to stand and lift weight. (ECF No. 13, p. 112-13). After a review of the evidence, I disagree. In fact, the ALJ addressed the same throughout his discussion regarding his the RFC determination.[3] (ECF No. 8-5, pp. 41-45). Therefore, I find no merit to this argument.

Plaintiff also argues that there is substantial evidence to support his position that he is not able to perform the work set forth in the ALJ's RFC finding. (ECF No. 13, pp. 13-15). Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument is completely misplaced. Nonetheless, I have reviewed the evidence of record and, based on the same, I find there is substantial evidence to support the RFC determination. *See,* ECF No. 8-5, pp. 38-47. Consequently, remand is not warranted on this basis.

Finally, Plaintiff argues in this section that the ALJ erred by failing to "show a rational basis for discounting Plaintiff's testimony" related to his subjective complaints of pain. (ECF No. 13, pp. 13-14). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

[3] In support of this argument, Plaintiff again refers to the subsequent documents prepared by Dr. Gaines and Dr. Lane. (ECF No. 13, p. 13). As discussed previously, I will not consider this post-decision evidence.

medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 8-5, pp. 38-47). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §§416.929, 404.1529 and SSR 96-7p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 8-5, pp. 38-47). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

### E. <u>Vocational Expert</u>

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 13, p. 15). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 8-5, pp. 38-47; No. 8-6, pp. 2-52). Consequently, I find no error in this regard.

## G. Subsequent Decision

Plaintiff's final argument is that the ALJ's decision should be reversed or, in the alternative, remanded, based on a subsequent application by Plaintiff that resulted in a determination of disability under the SSA. (ECF No. 13, pp. 16-23). The subsequent determination relates to a different time period and is based on new evidence that was not before the ALJ. Therefore, Plaintiff is presumably seeking a remand based on Sentence Six of 42 U.S.C. §405(g).

As I stated previously, if a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Szubak v. Secretary of Health and Human Services,* 745 F.2d 831, 833 (3d Cir. 1984), *citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). Simply because a document is about a plaintiff's physical/mental condition does not mean it relates to the time period for which benefits were denied.

In this case, the subsequent SSA decision was based on a completely different and later time period. Plaintiff does not dispute that. It does not relate back to the period before the ALJ's decision. Based on the same, I find that the evidence does not relate to the time period that was at issue before the ALJ. Thus, the subsequent determination does not meet the materiality requirement. As a result, I find that Plaintiff has failed to satisfy the requirements for

9

remand under Sentence Six of §405(g). Consequently, reversal/remand on this basis is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARREN JAMES OATES,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　Plaintiff,　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　-vs-　　　　　　　　　　　　　　　）　　Civil Action No. 16-1201
　　　　　　　　　　　　　　　　　　）
NANCY A. BERRYHILL,[4]　　　　　　　）
COMMISSIONER OF SOCIAL SECURITY,　　）
　　　　　　　　　　　　　　　　　　）
　　　Defendant.　　　　　　　　　　）

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 30th day of November, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/ Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.